IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Marcus Quincy Ross, ) | |
| ) | CR No. 6:02-cr-00603-MBS |
| Movant, ) | C/A No. 6:16-cv-02178-MBS |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

Marcus Quincy Ross ("Movant") is a federal inmate currently housed at USP Coleman I in Coleman, Florida. On June 24, 2016, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. ECF No. 96. This matter is before the court on a motion to dismiss filed by Respondent United States of America (the "government") on February 27, 2018. ECF No. 109. Movant has filed no response to the Government's motion.

### I.   FACTUAL AND PROCEDURAL HISTORY

On December 17, 2002, a federal grand jury returned a thirty-four Count Superseding Indictment charging Movant with Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2 (Counts 1,3, and 5), Possession of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924 (c)(1)(A)(Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34), and Interference with Interstate Commerce by Threats or Violence in violation of 18 U.S.C. § 1951(Counts 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33). ECF No. 9. Movant pleaded guilty to Counts 1, 2, 3, 5, 6, 7, 17, 31, and 33 on April 3, 2003, pursuant to a straight-up plea. ECF No. 41. On August 6, 2003, Movant was sentenced by this court to a

1

total of 608 months imprisonment. ECF No. 51. Judgment was entered on September 10, 2003. ECF No. 53. Movant filed a Notice of Appeal on September 29, 2003. ECF No.54. The Court of Appeals for the Fourth Circuit issued an opinion affirming this court's sentencing decision on September 2, 2004. ECF No. 65.

Movant's § 2255 motion asserts the following ground for relief: "predicate offense used to career movant no longer applicable under 4B1.1 [of the United States Sentencing Guidelines]." ECF No. 96 at 4. This matter was stayed pending the United States Supreme Court's decision in the case of Beckles v. United States, 137 S.Ct. 886 (2017). ECF No. 101. Following the decision in Beckles, the court lifted its stay on January 29, 2018. ECF No. 107.

## II. DISCUSSION

Movant seeks a correction of his sentence on the basis that he is no longer a career offender because his prior convictions for failure to stop for a blue light and strong armed robbery do not qualify under the residual clause of the Armed Career Criminal Act of 1984 (ACCA). ECF No. 96 at 4. In Johnson v. United States, 576 U.S. ----, 135 S. Ct. 2551 (2015), the Supreme Court addressed ACCA, which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a serious drug offense or violent felony. Under the ACCA as codified at 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

2

In Johnson, the Court determined that the language "or otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the residual clause, is unconstitutionally vague.[1]

Movant received an enhanced sentence not under the ACCA, but under the United States Sentencing Guidelines (the "Guidelines"), which define a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. §4B1.2(a).

As with the ACCA, the clause beginning with "or otherwise" in this definition is known as the residual clause.

In Beckles, the defendant argued that his conviction for unlawful possession of a firearm fell under the residual clause of § 4B1.2(a), and that the Guidelines' residual clause was unconstitutionally vague under Johnson. The Court found, however, that:

> the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Beckles, 137 S. Ct. at 893.

---

[1] The Supreme Court made Johnson retroactive on collateral review in Welch v. United States, 136 S. Ct. 1257 (2016).

Movant was sentenced in 2003 pursuant to the mandatory guidelines scheme pre-<u>United States v. Booker</u>, 593 U.S. 220 (2005). At the time Movant filed his § 2255 motion, the question was whether a result different from <u>Beckles</u> appertains when <u>Johnson</u> is applied to the pre-<u>Booker</u> sentencing guidelines. However, since the filing of the § 2255 motion, the Court of Appeals for the Fourth Circuit has addressed this question. In <u>United States v. Brown</u>, the Fourth Circuit observed that the Supreme Court's ruling in <u>Beckles</u> foreclosed the defendant's argument that Johnson "explicitly invalidated all residual clauses with wording similar to [the] ACCA's invalidated residual clause." 868 F.3d 297, 300 (4th Cir. 2017), <u>cert</u>. <u>denied</u>, 139 S. Ct. 14 (2018). The Fourth Circuit determined that the right recognized in <u>Johnson</u> and made retroactive by <u>Welch</u> applied only to the ACCA's residual clause. The Fourth Circuit explained:

> <u>Johnson</u> only recognized that [the] ACCA's residual clause was unconstitutionally vague[;] it did not touch upon the residual clause at issue here. Likewise, <u>Beckles</u> only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges. In a future case, the Supreme Court may agree with an argument similar to [Brown's] that because the challenged residual clause looks like [the] ACCA and operates like [the] ACCA, it is void for vagueness like [the] ACCA.

<u>Brown</u>, 868 F.3d at 303 (internal citations omitted).

Movant was sentenced under the Guidelines, not the ACCA. Accordingly, the court is constrained by the holdings in <u>Beckles</u> and the Court of Appeals for the Fourth Circuit's holding in <u>Brown</u> to conclude that Movant's § 2255 claim under <u>Johnson</u> is without merit.

### III. CONCLUSION

The government's motion to dismiss is granted. Movant's § 2255 motion is denied without prejudice. Furthermore, Movant's motion for a ruling that <u>Beckles</u> be applied retroactively, ECF No. 105, is denied.

4

## IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court denies a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
May 14, 2019